# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, a Delaware corporation, | Civil Action No. 08-1696 |
| Plaintiff, | |
| v. | District Judge McVerry<br>Magistrate Judge Lenihan |
| MARION DOCKS, INC., a West Virginia corporation, | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiff's Complaint was filed on December 11, 2008 and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (Doc. No. 12) filed on June 10, 2009, recommended that Defendant Marion Docks, Inc.'s Motion to Dismiss for Lack of Jurisdiction, or, In the Alternative, to Transfer, (Doc. No. 6) be denied. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. Defendant filed Objections to the Report and Recommendation (Doc. No. 13), and a Brief in Support of Objections to the Report and Recommendation (Doc. No. 14) on June 23, 2009. Plaintiff filed a Response to the Objections (Doc. No. 15). After review of the pleadings and the documents in the case, together with the

Report and Recommendation and the Objections thereto, the Court notes the following:

Defendant's assertion that the Magistrate Judge was "misdirected by the prior submissions of Plaintiff and has made assumptions that are incorrect" (Doc. No. 13 at 1) is unfounded. Specifically, Defendant contends that the Magistrate Judge was inaccurate in her interpretation of the parties' submissions when she stated that Defendant contacted Plaintiff to inquire whether Plaintiff was interested in purchasing coal from Defendant. (Doc. No. 13 at 2.) Conversely, Defendant asserts for the first time in its Objections, that Plaintiff initiated contact with Defendant in West Virginia and Defendant traveled to Pennsylvania at the request of Plaintiff not for the purpose of negotiating the coal sales agreement, but to discuss a potential joint venture. (Doc. No. 13 at 2.) Defendant further states that the first meeting between Defendant and Plaintiff occurred on September 13, 2007 in West Virginia and was held for the purpose of discussing Plaintiff's use of Defendant's loading facility in West Virginia. (Doc. No. 13 at 4.) In its original submissions to the Magistrate Judge, however, Defendant only contends that multiple meetings between the parties occurred in West Virginia. (Doc. No. 6-2 at ¶ 13; Doc. No. 9 at 2.)

Plaintiff disagrees with this and, in its Response to the Objections states that "in late 2007 a representative of MDL, including the company's President, reached out and contacted Concolidation at its headquarters In Pittsburgh, Pennsylvania concerning the possibility of entering into a long-term coal supply agreement." (Doc. No. 15 at 1.) A careful review of the Objections and Response thereto, in conjunction with the parties' initial submissions to the Magistrate Judge, further reveals an August 24, 2007 email to Plaintiff from a Mr. Dan Stefanov, containing the subject line: "Marion Dock's Coal." The email references a morning conversation

between Stefanov and Plaintiff and appears to discuss the amount of certain coal available, and where it could be delivered. (Doc. No. 15-2 at 11.) Plaintiff contends that this email was preceded by an unsolicited telephone call to Plaintiff from Mr. Stefanov wherein he inquired whether Plaintiff was interested in entering into an agreement to purchase coal from Defendant, and wherein he further informed Plaintiff that he was working on behalf of Defendant to market its coal. (Doc. No. 15-2 at 3.) Clearly, the parties dispute certain facts in issue, and the Court must resolve these disputed issues in favor of the Plaintiff. Telcordia Tech., Inc., v. Telkom SA, Ltd., 458 F.3d 172, 176 (3d Cir. 2006); Miller Yacht Sales, Inc., v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

Defendant also suggests that it was inappropriate for the Magistrate Judge to consider the fact that Defendant traveled to Pennsylvania on one occasion after the alleged breach of the Agreement. (Doc. No. 13 at 6-7.) The United States Court of Appeals for the Third Circuit has clearly stated that "[i]n contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." Telcordia Tech., 458 F.3d at 177 (quoting General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (emphasis added by Telcordia Tech. court)).

With regard to the Magistrate Judge's conclusion concerning the Defendant's alternate Motion to Transfer, the Court does not find that the Magistrate Judge's recommendation to deny transfer to be clearly erroneous or contrary to law.[1]

---

[1]The Plaintiff correctly notes in its Response to Defendant's Objections (Doc. No. 15 at 6-7) that a motion to transfer venue is not a dispositive motion, and therefore, the Magistrate Judge's recommendation relating thereto is not subject to de novo review. Instead, the Magistrate Judge's recommended disposition of the Motion to Transfer Venue is reviewed under a "clear error" or "contrary to law" standard. See Fed. R. Civ. P. 72(a); see also Brown v. Kia

The following Order is entered:

AND NOW, this 10th day of July, 2009;

**IT IS HEREBY ORDERED** that Defendant Marion Dock Inc.'s Motion to Dismiss for Lack of Jurisdiction, or, In the Alternative, to Transfer, (Doc. No. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 12) of Magistrate Judge Lenihan, dated June 10, 2009, is adopted as the Opinion of the Court.

s/ Terrence F. McVerry
The Honorable Terrence F. McVerry
United States District Judge

cc: The Honorable Lisa Pupo Lenihan
United States Magistrate Judge

All counsel of record

---

Motors Corp., 2007 WL 539652, at *1 (W.D. Pa. Feb. 15, 2007).