IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSOLIDATION COAL CO., | ) |
| Plaintiff, | ) Civil Action No. 08-1696 |
| v. | ) Judge Terrence F. McVerry |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| MARION DOCKS, INC., | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

Plaintiff's complaint was received by the Clerk of Court on December 11, 2008 and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation ("R & R") (Doc. No. 50), filed on February 22, 2010, recommended that the Motion for Summary Judgment filed by Marion Docks, Inc. (Doc. No. 26) be denied. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections. Objections were filed by Defendant on March 8, 2010. A Response was filed by Plaintiff on March 25, 2010.

In its Objections to Report and Recommendation, Defendant Marion Docks, Inc. ("Defendant") emphasizes that it seeks summary judgment based on two separate grounds. The Court will address each ground seriatim.

Defendant contends that § 1.4 of the parties' contract constitutes an "exclusive remedy" provision because it provides that in the event of non-delivery, Seller "shall" pay Buyer the difference between the Total Base Price under the contract and the price at which Buyer purchases substitute coal ("cover coal"). Defendant reasons that because Plaintiff did not purchase cover coal, Plaintiff has not incurred any damages as defined in § 1.4, and therefore, Defendant is entitled to summary judgment. The R & R rejects Defendant's argument and comprehensively explains why it is inconsistent with the applicable provisions of the West Virginia Uniform Commercial Code. This Court adopts the reasoning and result reached in the R & R. In particular, the parties' intent for a contract to provide for an exclusive remedy must be "clearly expressed." *See* W. Va. Code § 46-2-719(1)(b). Defendant's reliance on the *CogniTest* and *Caperton* cases is unavailing. The mere use of the word "shall" does not suffice to overcome the "presumption that clauses prescribing remedies are cumulative rather than exclusive." *Id.* Comment 2. In short, § 1.4 does not constitute Plaintiff's exclusive remedy. Thus, this Court need not reach the alternative argument that Defendant's proposed interpretation would cause the exclusive remedy "to fail of its essential purpose." *See* W. Va. Code § 46-2-719(2). In sum, Defendant is not entitled to summary judgment based on §1. 4 of the

contract.[1]

Defendant also contends that it is entitled to summary judgment based on § 11 of the contract. In essence, Defendant argues that § 11 constitutes a valid "limitation of damages" provision which prevents Plaintiff from obtaining, *inter alia*, lost profits, and that Plaintiff's "stated damages were in fact lost profits." This argument is without merit. Even assuming, arguendo, that § 11 is valid and enforceable, there are disputed questions of material fact. Plaintiff contends that it is **NOT** seeking "lost profits," but rather, seeks only those damages permitted by W. Va. Code § 46-2-713. *See also* W. Va. Code § 46-2-711 (a), (b) (buyer entitled to "cover" *or* recover damages for nondelivery under § 46-2-713). In addition, the "stated damages" formula cited by Defendant is now moot because Plaintiff has obtained a damages expert, James N. Heller, who will provide an expert opinion regarding damages calculated in accordance with § 46-2-713.[2] Thus, summary judgment is not appropriate.

Moreover, the West Virginia Uniform Commercial Code and Commentary thereto provide that the Court has substantial flexibility to determine a proper measure of damages. *See, e.g.,* W. Va. Code § 46-2-711 Comment 3 ("this Act requires its remedies to be liberally administered"); W. Va. Code § 46-2-713 Comment 3 (explaining that if the

---

[1] Defendant seeks clarification as to whether summary judgment as to its § 1.4 argument has been denied due to factual issues. As explained above, Defendant's legal arguments have failed as a matter of law and Defendant will not be permitted another "bite at the apple" as to the arguments it has already raised. To the extent that Defendant seeks to introduce at trial other evidence of the parties' "clearly expressed" intent that § 1.4 be a sole and exclusive remedy, it will have an opportunity to do so.

[2] Plaintiff's expert reports are due by April 12, 2010. *See* CMO (Doc. No. 42).

current market price "is difficult to prove," the Court may consider a comparable market price, a spot sale price, and/or "opinion evidence as to the value of the goods"); W. Va. Code § 46-2-723(2) (explaining that Court may consider evidence of prices prevailing at other times and/or other places that would serve as a "reasonable substitute") & Comment (Court is granted "reasonable leeway in receiving evidence" and "This section is not intended to exclude the use of any other reasonable method of determining market price or of measuring damages if the circumstances of the case make this necessary.") In light of these repeated statements of the governing law, Defendant's legal position that Plaintiff's claim for damages has failed entirely is wholly untenable.

The baseline for determining damages under W. Va. Code § 46-2-713 is "the market in which the buyer would have obtained cover had he sought that relief." Genuine issues of material fact exist with respect to determining such damages under the facts and circumstances of this case.

After review of the pleadings, briefs, and other documents in the case, together with the Report and Recommendation, the Objections and the Response thereto, the following order is entered:

**AND NOW**, this 31st day of March, 2010

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 50) of Magistrate Judge Lenihan, dated February 22, 2010, is adopted as the opinion of the Court in accordance with the foregoing Memorandum Order.

s/ Terrence F. McVerry
TERRENCE F. McVERRY
United States District Judge

cc: All Counsel of Record